Filed 8/20/24  J.C. v. T.A. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| J.C.,<br><br>  Appellant,<br><br>v.<br><br>T.A.,<br><br>  Respondent. | 2d Civ. No. B332625<br>(Super. Ct. No. D402650)<br>(Ventura County) |

J.C. (Father) appeals from an order granting T.A.'s (Mother) request to move out of state with their son.  He asks us to consider whether the changed circumstances rule applies to move-away cases involving parents with a permanent joint custody order.  We conclude it does not.  He asserts the trial court abused its discretion by relying on a biased custody evaluation and failing to properly weigh the *LaMusga*[1] factors.  We have

---

[1] *In re Marriage of LaMusga* (2004) 32 Cal.4th 1072 (*LaMusga*)

examined the record and there is no abuse of discretion. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Father and Mother are parents to J., born in Hawaii in 2019. Except for six weeks in 2021, Mother and Father have shared custody of J. since his birth.

The parties have a tumultuous relationship. Both accuse the other of various inappropriate conduct. Both claimed to have suffered domestic violence inflicted by the other. In 2020 Father pleaded no contest to assault against Mother and was placed on probation. Father has a history of abusing alcohol and alcohol related arrests and convictions. In July 2020, the parties obtained custody orders from the State of Hawaii, awarding joint legal and joint physical custody with a week on / week off parenting plan.

In June 2021 the parents and son moved to California where Father's parents and other paternal relatives reside. Despite their conflicts, the parties attempted to remain together but in California their relationship deteriorated. Father continued to abuse alcohol and the paternal grandparents' involvement in their relationship made matters worse. In August, without informing Father, Mother and J. left California for Mother's home state of Florida. Two days later Father registered the Hawaii custody order in California. Mother was ordered to return J. to California and the court made temporary custody orders consistent with the Hawaii order pending a further hearing.

After learning Father had recently been charged with a DUI, the court made orders prohibiting him from consuming alcohol during his parenting time, requiring his parents be

2

present during his custodial time, and that he attend an alcohol treatment program for 12 months. The parties stipulated to the appointment of a child custody evaluator to make non-binding recommendations regarding a parenting plan in J.'s best interests if Mother moved to Florida.

At the two-day trial the court considered testimony from Father, Mother, paternal grandparents, J.'s preschool administrator, a Ventura County Sheriff's Deputy, and by stipulation, the custody evaluation. The court issued a final Statement of Decision after considering Father's objections.

The court made detailed factual findings. It concluded that given Father's and paternal grandparents' "extreme restrictive gatekeeping to disrupt Mother's relationship with the Child" it would be "detrimental to the Mother and Child's continuing bond and relationship if the Child stayed in California with Father as the primary custodial parent." The court found Father has "continuing and serious issues with substance abuse, his mental health, or both" and that neither he nor his parents "acknowledged or addressed the potential negative impacts of Father's substance abuse or violence towards Mother or the Child, on Father's ability to parent the Child, or to provide the Child with a safe and healthy environment." The court noted Father violated its orders regarding his substance use and has not "demonstrated any serious intent to address these issues." Instead, Father and his parents blame Father's "abusive behaviors and substance abuse on Mother and the 'toxic' relationship she has with Father."

The court also detailed its consideration of the relevant *LaMusga* factors before concluding it is in J.'s best interest to allow him to move with Mother to Florida.

# DISCUSSION

Mother did not file a respondent's brief. Regardless, it remains Father's "affirmative burden to show error." (*In re Marriage of Davies* (1983) 143 Cal.App.3d 851, 854.)

Father first posits the trial court should have applied the change of circumstances standard, not the best interest of the child standard to modify the Hawaii order. He contends that although he did not raise this issue below it is not waived because it is a pure question of law presented on undisputed facts. (*Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417.) We agree it is a question of law but conclude the trial court was correct.

Where, as here, parents share joint physical custody under an existing order and in fact, and one parent seeks to relocate with the child, the family law court "must determine de novo what arrangement for primary custody is in the best interest of the minor children." (*In re Marriage of Burgess* (1996) 13 Cal.4th at p. 40, fn. 12 (*Burgess*); see also *In re Marriage of Williams* (2001) 88 Cal.App.4th 808, 812; *Niko v. Foreman* (2006) 144 Cal.App.4th 344.) Thus, we conclude the trial court correctly applied the best interest standard in determining de novo whether to grant Mother's move-away request.

Next, Father asserts the trial court abused its discretion because it relied on a biased custody evaluation. We again disagree.

"Generally, '[o]nce it is established that a witness has adequate credentials to qualify as an expert, questions as to the degree of his or her expertise go to weight not admissibility.' [Citation.] . . . Additionally, lapses in professionalism affect only the weight of the evidence." (*In re Marriage of Winternitz* (2015)

235 Cal.App.4th 644, 653.) It is the responsibility of the family court to assess the credibility of all witnesses and experts, including the evaluator. (*Ibid*.)

We have considered Father's specific criticisms purportedly reflecting bias in the evaluator's report. He also raised these concerns below. We will not second guess the family law court's determination of the weight to be given to the report. (*In re Marriage of Winternitz, supra*, 235 Cal.App.4th at p. 653.)

Finally, Father asserts the trial court abused its discretion as to the weight and consideration it assigned the *LaMusga* factors[2], improperly weighing the extent to which the parents have shared custody, J.'s community ties, Mother's reasons for moving, the distance of the move, and the harm of disrupting established patterns of care. Our review of the record establishes proper weight and consideration were given to each factor. The court issued a detailed statement of decision in which it expressly listed and then discussed each relevant *LaMusga* factor. We cannot reweigh the evidence. (*LaMusga, supra*, 32 Cal.4th at p. 1093.)

---

[2] Among the factors to consider when modifying custody "in light of the custodial parent's proposal to change the residence of the child are . . . the children's interest in stability and continuity in the custodial arrangement; the distance of the move; the age of the children; the children's relationship with both parents; the relationship between the parents including, but not limited to, their ability to communicate and cooperate effectively and their willingness to put the interests of the children above their individual interest; the wishes of the children if they are mature enough for such an inquiry to be appropriate; the reasons for the proposed move; and the extent to which the parents currently are sharing custody." (*LaMusga, supra*, 32 Cal.4th at p. 1101.)

As directed by our Supreme Court: "[W]e must permit our superior court judges—guided by statute and the principles we announced in *Burgess* and affirm in [*LaMusga*]—to exercise their discretion to fashion orders that best serve the interests of the children in the cases before them." (*LaMusga, supra,* 32 Cal.4th at p. 1101.)

DISPOSITION

Judgment is affirmed.  Respondent shall recover her costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

6

Hon. Charmaine H. Buehner, Judge
Superior Court County of Ventura

_____

Decker Law, James Decker, Griffin Schinder, and Aisling Gorman, for Appellant.

No appearance for Respondent.